CV-11 2209

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LOCAL 501 TRANSPORT WORKERS UNION
OF AMERICA, AFL-CIO,

                Plaintiff,

-against-

AMERICAN AIRLINES, INC.,

                Defendant.

-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAY 06 2011  ★

CIVIL ACTION NO. 11 Civ.

LONG ISLAND OFFICE

**Complaint and Jury Demand**

WEXLER, J.
BOYLE, M.

## INTRODUCTION

1. This is an action by a labor organization, Local 501 Transport Workers Union of America, AFL-CIO ("Local 501"), concerning the attempt by American Airlines, Inc. ("American"), to redirect the work of Fleet Service and Ground Serviceman at John F. Kennedy International Airport ("Kennedy Airport") in Terminal 8 ("American's Terminal") to individuals who are not part of the collective bargaining unit. Local 501 seeks for a declaratory judgment that this is a "major dispute" under the Railway Labor Act ("RLA"), preliminary and permanent injunctive relief enjoining American from disturbing the status quo while the dispute is pending and an order requiring American to comply with the dispute resolution procedures required by the RLA.

## JURISDICTION

2. This is an action for legal and equitable relief under the Railway Labor Act ("RLA") 45 U.S.C. §151, *et seq.* This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

## VENUE

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C §1391 and 29 U.S.C. §185(a) since Defendant is subject to personal jurisdiction in this District.

## PARTIES

4. Local 501 is a labor organization which acts as representative for employees of American within the meaning of 29 U.S.C. §152, and has its principal offices in Nassau County at 1010a Jericho Turnpike, New Hyde Park, New York.

5. Local 501 exists for the purpose of representing employees in collective bargaining with employers.

6. Local 501 is a bargaining "representative," of two separate crafts or classes of employees of American, namely: (A) Fleet Service and (B) Ground Serviceman at LaGuardia, Kennedy, Newark, Bradley, Philadelphia and San Juan Airports (collectively "Ground Support").

7. American is a Delaware Corporation that has qualified to conduct business in the State of New York.

8. American is a "common carrier by air engaged in interstate and foreign commerce" within the meaning of 45 U.S.C. §181, and is subject to the provisions and duties of Section 2 of the RLA, 45 U.S.C. §152.

9. American's headquarters are located in Forth Worth, Texas. American does substantial business in and has offices at Kennedy Airport within the State of New York.

## FACTS

10. Local 501 is a labor organization, which acts as representative of employees of American, within the craft or class of Fleet Service and Plant Maintenance, within the meaning of the Railway Labor Act ("RLA).

11. Fleet Services' work consists of loading and unloading cargo (mail baggage, freight and Company material) on and off aircraft; transportation of cargo between terminals and aircraft; ramp transfers of cargo where required; receiving, delivering and physical handling of freight and Company material in the Cargo Warehouse, or the equivalent (including docks), mail at the designated Post Office, and baggage in the outbound baggage room; completion of forms, and when directed, initiation and action on messages related to, and necessary for, the performance in the designated locations, of the functions defined hereinabove; cleaning and servicing of cabin interiors, including cockpit and lavatories; draining lavatories; checking, handling, assembling, removing and installing passenger service cabin furnishings and supplies, transporting and furnishing and supplies to and from the aircraft; air conditioning of the aircraft from outside source; and fueling, oiling, replenishing hydraulics and other fuels.

12. The Plaint Maintenance classification includes the following titles or positions Plant Maintenance Mechanic, Plant Maintenance Man, Utility Man and

3

Building Cleaner. The duties for these respective titles or positions within the Plant Maintenance are as follows:

a. Plant Maintenance Mechanic's work consists of Lay-out, planning, and execution of complex maintenance assignments requiring the skills of one or more of the maintenance trades, such as electrician, plumber, steamfitter, carpenter, painter, auto mechanic, millwright, heating and air-conditioning engineer, or other similar skilled journeyman trades; de-icing of aircraft; cleaning of aircraft windshields; pushing out/towing of aircraft and related guideman functions; connecting/removing ground power and ground start units.

b. Plant Maintenance Man's work consists of semi-skilled to skilled work as a helper or assistant to an Automotive Mechanic or Facility Maintenance Mechanic May perform work on an individual or isolated work assignment that is semi-skilled to moderately complex including lubrication; cleaning; periodic checking; simple servicing/repairing of plant and ground facilities; simple servicing/repairing of automotive equipment; installing and checking of fire extinguishing equipment.

c. Utility Man's work consists of operating mechanized cleaning and floor surfacing machines or equipment; loading, unloading, dumping and racking operations to pick up haul, and dispose of refuse drums of used oil, empty barrels, etc.; Moving and transferring furniture, fixtures, office and plant equipment, and materials; Maintaining grounds and cultivated areas; excavating with hand or pneumatic tools, etc.; any related unskilled or handyman work.

d.   Building Cleaner's work consists of manually cleaning buildings, hangars, shops, offices, ramps, lavatories, locker rooms, and access areas to such properties, including floors, windows, fixtures, walls, corridors, walks, etc., by such operations as sweeping, mopping, dusting, collecting and disposing of trash, rubbish and waste; remove snow from sidewalks and access areas, and perform related incidental unskilled tasks, including moving furniture and equipment.

13.   Local 501 has served as the bargaining representative for American's Ground Support personnel at Kennedy Airport for over sixty-six (66) years.

14.   American has operated as a common carrier by air from Kennedy Airport for over sixty-six (66) years.

15.   American operates from and has had and presently exercises exclusive control over Terminal 8 at Kennedy Airport ("American's Terminal") during the entire sixty-six (66) year period that Local 501 has represented Ground Support.

16.   During American's history at Kennedy Airport it has leased gates at American's Terminal to a number of different airlines, including the following: Sunjet Airlines; American Trans Air; Air Europa Líneas Aéreas; Sabena Airlines; BWIA West Indies Airways; Key Air; Ecuatoriana; South African Airways; Guy America Airways; Mexicana Airlines; Korean Air; Olympic Air; Nipon Cargo Airlines; Gulf Air; Aerolineas Argentinas; Air Florida; Iberia Airlines; LOT Polish Airlines; Air Berlin; Finnair; Jet Airways; and Continental Airlines.

17. Local 501 Fleet Service and Ground Serviceman personnel provided all ground support and handling for each of the carriers that leased gates at American's Terminal at Kennedy Airport.

18. American is aware that it has traditionally and historically, without exception, assigned collective bargaining members of Local 501 to provide all ground support and handling for each of the carriers that leased gates at American's Terminal.

19. Local 501 has undertaken and acquiesced to American's assignment of work and performed all ground support and handling for each of the carriers that leased gates at American's Terminal.

20. American and Local 501 jointly participated in the prior course of conduct that resulted in Local 501 members' performance of all ground support and handling for each of the carriers that leased gates at American's Terminal.

21. American and Local 501 mutually intended for bargaining members of Local 501 to perform all ground support and handling for each of the carriers that leased gates at American's Terminal.

22. There is no specific provision in the parties' collective bargaining agreement that addresses the ground support and handling for carriers that lease gates at American's Terminal.

23. The lengthy duration of the past practice reflects the mutual intent, knowledge, acquiescence, and joint and participation. This makes Local 501's

performance of all ground support and handling for each of the carriers that leased gates at American's Terminal an actual objective working condition and practice.

24. It has come to the knowledge of Local 501 that American intends to commence leasing gates at American's Terminal to Qatar Airways on May 9, 2011.

25. American recently announced that it intends to award the ground support and handling provided for by its Lease with Qatar Airways (the "Qatar Work") to individuals who are not members of Local 501.

26. The Qatar Work includes precisely the same type of work described in the parties' collective bargaining agreement under the class or craft classifications of Fleet Service and Ground Serviceman.

27. By awarding individuals who are not members of Local 501 the Qatar Work, American will deprive Local 501 of a work opportunity, which involves precisely the same type of work traditionally performed by the collective bargaining members of Local 501.

28. A deprivation of a work opportunity, which involves the type of work traditionally performed by the bargaining unit members of Local 501 is a change in working conditions.

29. A change in working conditions is a major violation pursuant to the RLA.

30. Despite the change in working conditions, American has failed to serve its statutory notice pursuant to Section 6 of the RLA, 45 U.S.C. §156 (the "Section 6 Notice").

31. On April 14, 2011, Local 501 served a Section 6 Notice upon American and demanded that American engage in efforts to resolve this dispute or agree to submit this dispute to the National Mediation Board.

32. Despite the Section 6 Notice, American has declined to comply with its mandatory obligation pursuant to the RLA.

33. The RLA contains various status quo provisions. The parties to a "major dispute" are required "to exert every reasonable effort" to settle disputes without interruption to interstate commerce. 45 U.S.C. §152. Section 6 provides "that rates of pay, rules, or working conditions shall not be altered" during the period between the notice of change until the issue is resolved or the expiration of negotiations. 45 U.S.C. §156. Section 5, First, provides that for 30 days following the conclusion of the National Mediation Board proceedings "no change shall be made in the rates of pay, rules, or working conditions or established practices in effect prior to the time that the dispute arose." 45 U.S.C. §155, First.

34. American still intends to award the Qatar Work to individuals who are not collective bargaining members of Local 501, which is a change in working conditions and a direct violation of the status quo provisions of the RLA.

## AS AND FOR A FIRST COUNT
### (Declaratory Judgment)

35. Local 501 repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "34" inclusive with the same force and effect as if more fully set forth at length herein.

36. Local 501 seeks to obtain a declaration that American's award of the Qatar Work to individuals who are not collective bargaining members of Local 501 is a change in working conditions and constitutes a "major dispute" pursuant to the RLA.

## AS AND FOR A SECOND COUNT
### (Violation of Section 2, First of the RLA)

37. Local 501 repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "34" inclusive with the same force and effect as if more fully set forth at length herein.

38. Section 2, First of the RLA, 45 U.S.C. §152, First states:

> It shall be the duty of all carriers, their offices, agents, and employees to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreements or otherwise, in order to avoid any interruption to commerce or to operation of any carrier growing out of any dispute between the carrier and the employee thereof.

39. American's continuing acts and conduct in repudiating the established working condition at Kennedy Airport by awarding the Qatar Work to individuals who are not collective bargaining members of Local 501, and declining Local 501's invitation to attempt to resolve this dispute directly or through the National Mediation Board, is a

9

violation of Section 2, First of the RLA, 45 U.S.C. §152, First, in that American has not exerted reasonable effort to maintain agreements as to rates of pay, rules and working conditions, nor to settle dispute.

## AS AND FOR A THIRD COUNT
### (Violation of Section 6 of the RLA)

40. Local 501 repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "34" inclusive with the same force and effect as if more fully set forth at length herein.

41. Section 6 of the RLA, 45 U.S.C. §156 states in pertinent part:

> In every case where such notice of intended change has been given, or conferences are being held with reference thereto, or the services of the Mediation Board have been requested by either party, or said Board has proffered its services, rates of pay, rules, or working conditions shall not be altered by the carrier until the controversy has been finally acted upon . . .

42. American has refused to or declined Local 501's invitation to attempt to resolve this dispute directly or through the National Mediation Board and is still in the process of changing working conditions by awarding the Qatar Work to individuals who are not collective bargaining members of Local 501 in direct violation of Section 6 of the RLA.

## AS AND FOR A FOURTH COUNT
(Injunctive Relief)

43. Local 501 repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "34" inclusive with the same force and effect as if more fully set forth at length herein.

45. The RLA contains various status quo provisions, and American is violating those provisions by refusing to maintain the status quo by awarding the Qatar Work to individuals who are not collective bargaining members of Local 501.

46. Local 501 seeks a temporary restraining order, preliminary and permanent injunctions which prohibits American from disturbing the status quo by awarding the Qatar work to individuals who not collective bargaining members of Local 501.

## PRAYER FOR RELIEF

Plaintiff requests judgment against Defendant for the following relief:

A. That the Court issue a declaratory judgment which reflects that American's decision to award the Qatar Work to individuals who are not collective bargaining members of Local 501 is a change in working conditions and constitutes a "major dispute" pursuant to the RLA;

B. That the Court issue preliminary relief to be made permanent thereafter to Local 501 enjoining American from disturbing the status quo by awarding the Qatar work to individuals who are not collective bargaining members of Local 501;

C.   That the Court order American to participate in mediation through the National Mediation Board in according with the RLA;

D.   That Plaintiff Local 501 be awarded its costs; and

E.   That the Court grant Plaintiff Local 501 all additional relief that may be equitable, including a reasonable award of attorney's fees.

                      THE DWECK LAW FIRM, LLP

                      By: Corey Stark (CS-3897)
                      Jack S. Dweck (JSD-0659)
                      *Attorneys for Plaintiff*
                      75 Rockefeller Plaza
                      New York, New York 10019
                      (212) 687-8200

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
       May 5, 2011

                                        THE DWECK LAW FIRM, LLP

                                        *[signature]*

                                        By: Corey Stark (CS-3897)
                                        Jack S. Dweck (JSD-0659)
                                        *Attorneys for Plaintiff*
                                        75 Rockefeller Plaza
                                        New York, New York 10019
                                        (212) 687-8200